IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
October 8, 2013 Session

## STATE OF TENNESSEE v. SHAUN ANTHONY DAVIDSON AND DEEDRA LYNETTE KIZER

Appeal from the Criminal Court for Davidson County
No. 2011-C-2863     Monte Watkins, Judge

No. M2012-02692-CCA-R3-CD - Filed November 26, 2013

Following a traffic stop premised on a possible violation of Tennessee Code Annotated section 55-9-107 (the window tint statute), appellees were charged with several drug offenses. Appellee Shaun Anthony Davidson was indicted for possession with intent to sell or deliver 0.5 grams or more of cocaine in a drug-free zone. Appellee Deedra Lynette Kizer was indicted for possession or casual exchange of hydrocodone. Both appellees were indicted for possession or casual exchange of marijuana. The trial court granted the appellees' motion to suppress evidence, ruling that Tennessee Code Annotated section 55-9-107(c) was unconstitutionally vague and overbroad. As a result, the case was dismissed. The State now appeals, arguing that Tennessee Code Annotated section 55-9-107(c) is constitutional. We reverse the ruling of the trial court, reinstate the indictment, and remand for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Reversed; Case Remanded**

ROGER A. PAGE, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, J., joined. JAMES CURWOOD WITT, JR., J., filed a separate, concurring opinion.

Robert E. Cooper, Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Victor S. Johnson, III, District Attorney General; and Deborah House, Assistant District Attorney General, for appellant, State of Tennessee.

Justin Johnson, Nashville, Tennessee, for appellee, Shaun Anthony Davidson.

Jodie A. Bell, Nashville, Tennessee, for appellee, Deedra Lynette Kizer.

# OPINION

Based on the scant record before this court, we deduce that a police officer stopped appellees on February 25, 2011, because he believed that the tint on their vehicle's windows was too dark. Upon smelling marijuana, he initiated a search of the vehicle that resulted in finding cocaine, marijuana, and hydrocodone. Appellees moved to suppress the evidence based on a violation of their Fourth Amendment right to be free from unreasonable searches and seizures. The trial court denied the motion, finding that the police officer had reasonable suspicion to support an investigatory stop. However, the appellees amended their motion to suppress to include an argument that the window tint statute, specifically subsection (c), was unconstitutionally vague and overbroad. The statute in question reads as follows:

> It is probable cause for a full-time, salaried police officer of this state to detain a motor vehicle being operated on the public roads, streets or highways of this state when the officer has a reasonable belief that the motor vehicle is in violation of subdivision (a)(1), for the purpose of conducting a field comparison test.

Tenn. Code Ann. § 55-9-107(c).[1] The trial court agreed with appellees and granted their motion to suppress, resulting in the dismissal of the case.[2] Specifically, the trial court ruled that the statute is vague because it does not provide guidelines for law enforcement to determine when to initiate an investigatory stop.[3] Furthermore, the trial court ruled that the

---

[1] Tennessee Code Annotated section 55-9-107(a)(1) states:

It is unlawful for any person to operate, upon a public highway, street or road, any motor vehicle in which any window that has a visible light transmittance equal to, but not less than, that specified in the Federal Motor Vehicle Safety Standard No. 205, codified in 49 CFR 571.205, has been altered, treated or replaced by the affixing, application or installation of any material that:

(A) Has a visible light transmittance of less than thirty-five percent (35%); or

(B) With the exception of the manufacturer's standard installed shade band, reduces the visible light transmittance in the windshield below seventy percent (70%).

[2] The transcript of the first motion hearing is absent from the appellate record, although the trial court's original order is included. There was no testimony presented in the second motion hearing regarding the amended motion to suppress.

[3] The trial court also determined that the vagueness of the statute violated equal protection rights. Appellees have not pursued this claim on appeal.

statute is overbroad because it allows law enforcement to stop citizens "at-will" to determine if their window tint violates the statute.

On appeal, the State contends that the statute's reasonableness requirement is a legitimate guideline for law enforcement. The State further argues that the trial court's ruling that the statute is overbroad has no basis in law or fact. Appellees respond that the trial court properly determined that the statute was unconstitutional. We agree with the State.

When an appellant challenges the constitutionality of a statute, we apply the general principles of statutory construction. *State v. Prater*, 137 S.W.3d 25, 31 (Tenn. Crim. App. 2003). "Appellate courts are charged with upholding the constitutionality of statutes wherever possible." *Id.* (citing *State v. Lyons*, 802 S.W.2d 590, 592 (Tenn. 1990)). On appeal, we must "indulge every presumption and resolve every doubt in favor of the constitutionality of the statute when reviewing a statute for a possible constitutional infirmity." *Id.* (citing *Lyons*, 802 S.W.2d at 592).

"If a statute is to avoid unconstitutional vagueness, it must 'define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.'" *Davis-Kidd Booksellers, Inc. v. McWherter*, 866 S.W.2d 520, 532 (Tenn. 1993) (quoting *Kolender v. Lawson*, 461 U.S. 352, 358 (1983)) (alteration in original). A statute may be held to be facially vague if it does not set forth "legally fixed standards" and instead leaves the determination of illegality to the "'personal predilections' of an officer, prosecutor, judge or jury." *Lyons*, 802 S.W.2d at 591. We construe a criminal statute "'according to the fair import of [its] terms' when determining if it is" unconstitutionally vague. *Prater*, 137 S.W.3d 25 at 32 (alteration in original) (quoting Tenn. Code Ann. § 39-11-104). In *State v. Burkhart*, 58 S.W.3d 694, 697 (Tenn. 2001), our supreme court reiterated that "[d]ue process requires that a statute provide 'fair warning' and prohibits holding an individual criminally liable for conduct that a person of common intelligence would not have reasonably understood to be proscribed." (citing *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972)).

However, our supreme court does not require "'absolute precision in drafting prohibitory legislation.'" *Prater*, 137 S.W.3d at 32 (quoting *State v. Wilkins*, 655 S.W.2d 914, 916 (Tenn. 1983)). In considering whether a statute is void for vagueness, appellate courts should consider whether the prohibitions contained therein are not clearly defined and "thus susceptible to different interpretations regarding that which the statute actually proscribes." *Id.* (citing *State v. Whitehead*, 43 S.W.3d 921, 928 (Tenn. Crim. App. 2000)). "Therefore, a statute is not unconstitutionally vague 'which by orderly processes of litigation can be rendered sufficiently definite and certain for purposes of judicial decision.'" *Id.*

(quoting *Wilkins*, 655 S.W.2d at 916). For a constitutional challenge to a statute based on overbreadth, the challenger must show that the statute "reaches a substantial amount of constitutionally protected conduct" and "must then 'demonstrate from the text of the law and actual fact that there are a substantial number of instances where the law cannot be applied constitutionally.'" *Burkhart*, 58 S.W.2d at 700 (quoting *Lyons*, 802 S.W.2d at 593).

Appellees' central argument is that Tennessee Code Annotated section 55-9-107(c) provides no guidelines for law enforcement officers to determine when to detain a citizen for a window tint violation, thus creating a situation where the statute is enforced arbitrarily. However, as the State argues, the statute incorporates a reasonableness standard, which we conclude establishes sufficient guidelines for the enforcement of this statute. Subsection 107(c) effectively codifies the standard for an investigatory stop under the Fourth Amendment of the United States Constitution and Article I, section 7, of the Tennessee Constitution.

The United States Supreme Court and the Tennessee Supreme Court have repeatedly held that a brief, investigatory detention is permissible under search and seizure law when an officer has a reasonable suspicion of wrongdoing. *See, e.g., Terry v. Ohio*, 392 U.S. 1, 25-26 (1968); *State v. Moats*, 403 S.W.3d 170, 178 (Tenn. 2013). In *Moats*, our supreme court summarized the current state of the law regarding reasonable suspicion:

> When an officer has reasonable suspicion, supported by specific and articulable facts, to believe that a criminal offense has been or is about to be committed, a brief investigatory detention is permitted. Reasonable suspicion must be supported by more than the officer's inchoate and unparticularized suspicion or 'hunch[]'; however, reasonable suspicion can be established with information that is different in quantity or content than that required to establish probable cause . . . [and] can arise from information that is less reliable than that required to show probable cause.

> Trial courts must examine the totality of the circumstances when evaluating whether an officer has established the requisite level of suspicion to justify a [brief investigatory] stop. These circumstances include an officer's observations, information from other law enforcement personnel or agencies, information from citizens, known patterns of criminal offenders, or deductions based upon experience. When evaluating the reasonableness of the police officer's suspicion, the nature of the crime suspected may be a factor.

*Moats*, 403 S.W.3d at 178-79. Our supreme court has also emphasized that "[o]bjective standards apply rather than the subjective beliefs of the officer making the stop." *State v.*

*Day*, 263 S.W.3d 891, 903 (Tenn. 2008). These recitations demonstrate that reasonableness is a thoroughly legitimate standard for police officers to follow in the context of search and seizure law. Indeed, "[t]he touchstone of the Fourth Amendment is reasonableness." *Florida v. Jimeno*, 500 U.S. 248, 250 (1991). Contrary to appellees' argument that Tennessee Code Annotated section 55-9-107(c) allows officers to initiate traffic stops based on their "personal predilections," the requirement that they have a "reasonable belief" that a vehicle is in violation of Tennessee Code Annotated section 55-9-107(a)(1) is an objective standard in accord with the federal and state constitutions.

Furthermore, if we were to analyze Tennessee Code Annotated section 55-9-107(c) apart from Fourth Amendment jurisprudence, "reasonable belief" would nonetheless remain a proper guideline. This court, when considering the constitutionality of the reasonableness standard in the context of a different statute than the one *sub judice*, made the following observations:

> Our criminal statutes are replete with the use of the "reasonable" standard in making numerous determinations. See, e.g., Tenn. Code Ann. §§ 39-11-106(a)(36)(A)(ii) ("reasonable time" after offense to determine fair market value);-11-201(a) (requirement of proof beyond a "reasonable doubt");-11-402(3) (failing to make "reasonable effort" to prevent offense);-11-411(a) ( "reasonable ground" to believe offender has committed felony);-11-611(a) ( "reasonably believes" force is necessary for self-defense); Id. (self-defense founded upon "reasonable grounds");-13-101(a)(2) (causing another to "reasonably fear" imminent bodily injury);-13-211(a) ("reasonable person" standard for voluntary manslaughter); 40-7-103(3) (arrest based upon "reasonable cause" for believing felony has been committed).

> A statute is not unconstitutionally vague merely because it is based upon a "reasonableness" standard. *United States v. Ragen*, 314 U.S. 513, 523, 62 S.Ct. 374, 86 L.Ed. 383 (1942) (holding "reasonable allowance" for compensation not to be unconstitutionally vague). This court has also upheld statutes based upon the reasonableness standard. *See State v. Nathan McKissack*, C.C.A. No. 01C01-9804-CC-0190, 1999 WL 77846, at *8, 1999 Tenn. Crim. App. LEXIS 149, at *12-13 (Tenn. Crim. App. Feb. 19, 1999, at Nashville), *perm. to app. denied* (Tenn. Oct. 4, 1999) (holding Tenn. Code Ann. § 39-16-609(b)(2), which creates defense to failure to appear based upon a "reasonable excuse," not to be unconstitutionally vague); *State v. Aaron Cooper*, C.C.A. No. 01C01-9708-CR-00368, 1998 WL 668263, at *4, 1998 Tenn. Crim. App. LEXIS 1015, at *6 (Tenn. Crim. App. Sept. 29, 1998, at Nashville) (finding Tenn. Code Ann. § 39-13-402(a)(1), including phrase "any

article used or fashioned to lead the victim to reasonably believe it to be a
deadly weapon," not to be unconstitutionally vague (emphasis added)).

*State v. Harton*, 108 S.W.3d 253, 259 (Tenn. Crim. App. 2002). There is no indication in the statute in question nor in the arguments presented by appellees that the reasonableness standard in Tennessee Code Annotated section 55-9-107(c) differs in any way from the reasonableness standard found in other statutes. Thus, we find it persuasive that the reasonableness standard has been found constitutional in other contexts. The statute incorporates a reasonableness standard, which serves as an objective standard for law enforcement officers charged with enforcing this statute; therefore, we conclude that the trial court erred by ruling that the statute was unconstitutionally vague.

Appellees also present an overbreadth challenge to the statute, claiming that the statute creates a situation where law enforcement officers can stop any vehicle at any time to investigate the vehicle's window tint, even when the window tint is legal. They contrast this with a situation wherein officers stop a vehicle when a traffic violation has clearly occurred. *See, e.g.*, *Harton*, 108 S.W.3d at 258 (An officer stopped a vehicle for following too closely to another vehicle.). However, the statute specifically states that any detention based on Tennessee Code Annotated section 55-9-107(a)(1) must be justified by a reasonable belief that the tint violates the statute. *See* Tenn. Code Ann. § 55-9-107(c). As with any brief, investigatory stop, there is a risk that an officer will initiate a traffic stop when there has been no statutory violation; nonetheless, "'*Terry* accepts the risk that officers may stop innocent people' to investigate further." *State v. Brotherton*, 323 S.W.3d 866, 871 (Tenn. 2010) (quoting *Illinois v. Wardlow*, 528 U.S. 119, 126 (2000)). For example, an officer might stop a vehicle if he or she has a reasonable suspicion that the driver is operating the vehicle while intoxicated, but once the officer investigates, he or she might determine that the driver was not in fact under the influence of an intoxicant. Thus, the fact that police officers may briefly detain someone who actually has legal window tint is a risk allowed under search and seizure law. The authority of the officers to conduct a brief, investigatory stop is "narrowly drawn," *Terry*, 392 U.S. at 27, and does not create a "stop-at-will" standard as argued by appellees because officers must justify any stop with specific and articulable facts supporting a reasonable suspicion of wrongdoing. We conclude that appellees have not shown that the statute "reaches a substantial amount of constitutionally protected conduct" and have not "'demonstrate[d] from the text of the law and actual fact that there are a substantial number of instances where the law cannot be applied constitutionally.'" *Burkhart*, 58 S.W.2d at 700 (quoting *Lyons*, 802 S.W.2d at 593). Therefore, we reverse the ruling of the trial court that the statute is unconstitutionally vague and overbroad.

**CONCLUSION**

Based on the applicable law, the record, and the arguments of the parties, we reverse the ruling of the trial court, reinstate the indictment, and remand for further proceedings consistent with this opinion.

_____
ROGER A. PAGE, JUDGE